UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE DILLARD,

        Petitioner,                                        Case No.  12-cv-13597
                                                           Honorable Mark A. Goldsmith

v.

BONITA HOFFNER,

        Respondent.
_____/

**ORDER**
**GRANTING PETITIONER'S MOTION TO TRANSFER CASE TO THE SIXTH CIRCUIT COURT OF APPEALS (Dkt. 19)**

Before the Court is Petitioner Eddie Dillard's motion to transfer this case to the Sixth Circuit Court of Appeals so he may seek permission to file a successive habeas petition (Dkt. 19). For the following reasons, the motion is granted, and the Clerk of the Court is ordered to transfer the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

**I. BACKGROUND**

In 1997, Petitioner was convicted in Wayne County Circuit Court of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b), and sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to three concurrent terms of twenty-five to fifty years' imprisonment.  See People v. Dillard, No. 202905, 1999 WL 33326809, at *1 (Mich. Ct. App. Dec. 28, 1999).  On September 23, 2020, Petitioner was released to a two-year term of parole. See Mich. Dep't of Corr., Eddie Dillard, https://perma.cc/SAF3-9HS2.  The Michigan Court of Appeals affirmed Petitioner's convictions, see id., and the Michigan Supreme Court denied leave to appeal, People v. Dillard, 643 N.W.2d 572 (Mich. June 26, 2000).

In 2003, Petitioner filed his first habeas corpus petition. The petition was denied on the merits, and a certificate of appealability was also denied. Dillard v. Burt, No. 03-CV-71269-DT, 2004 WL 7345095, at *1 (E.D. Mich. June 2, 2004). The Sixth Circuit Court of Appeals dismissed Petitioner's appeal, holding that a certificate of appealability issued by a judge of that court was improvidently granted. Dillard v. Burt, 194 F. App'x 365, 367 (6th Cir. 2006).

From 2008 through 2011, Petitioner filed six post-judgment motions in the closed habeas proceeding. Among other claims, all of these motions raised a claim that the state trial court judge lacked jurisdiction because no evidence existed that the trial judge was ever administered an oath of office. All the motions were denied. See In re Dillard, No. 13-2095 (6th Cir. Feb. 21, 2014) (providing summary of Petitioner's post-judgment motions).

In 2011, Petitioner moved in the Sixth Circuit Court of Appeals for permission to file a second or successive habeas petition, raising claims regarding defects in the trial judge's oath of office. The Court of Appeals denied Petitioner's request. In re Dillard, No. 11-1482 (6th Cir. Jan. 31, 2013).

In August 2012, Petitioner initiated the present case by filing what he labeled a "Notice for Removal," arguing that his conviction was unconstitutional because the trial court judge was never given an oath of office.[1] The Court determined that the pleading was an unauthorized successive habeas corpus petition and transferred it to the Court of Appeals (Dkt. 11). The Court of Appeals denied Petitioner leave to file a second or successive habeas corpus petition. In re Dillard, No. 13-2095 (6th Cir. Feb. 21, 2014) (Dkt. 18).

---

[1] The Honorable John Corbett O'Meara presided over this case until his retirement. On August 14, 2020, the matter was reassigned to the undersigned, pursuant to Local Rule 83.11(b).

Petitioner filed the pending motion on August 5, 2020. He seeks the transfer of this case to the Sixth Circuit Court of Appeals for authorization to file a second or successive habeas corpus petition.

## II. DISCUSSION

Before filing a second or successive petition for habeas corpus relief under 28 U.S.C. § 2254, a petitioner must move in the appropriate federal appeals court for an order authorizing the district court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction challenged in a prior petition and the prior petition was decided on the merits. In re William Garner, 612 F.3d 533, 535 (6th Cir. 2010). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." Franklin v. Jenkins, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner seeks to challenge his convictions on the ground that he was denied due process and equal protection because the state court judge failed to take or register an oath of office as required by the Michigan Constitution. A pleading must be treated as a second or successive petition when it attacks the state court's judgment of conviction or brings a new claim, such as a new ground for relief or an attack on the federal court's previous resolution of the claim on the merits. Gonzalez v. Crosby, 545 U.S. 532 (2005). Petitioner's claim is a substantive one attacking his state conviction and qualifies as a successive petition. Petitioner acknowledges that his claim constitutes a successive petition and that the Court of Appeals has not authorized its filing. See Mot. at PageID.84 (Dkt. 19). He asks that the case be transferred to the Sixth Circuit Court of Appeals so that he may seek authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A).

When a habeas petitioner files a second or successive petition relief in the district court without preauthorization, the district court must transfer the document to the court of appeals. See In re Sims, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631"); 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"). The motion will be granted.

Transfer is appropriate even though Petitioner already has been denied permission by the Sixth Circuit to file a successive petition on the ground that he seeks to advance here. While at least two courts of appeals in other circuits have found it appropriate for a district court to dismiss rather than transfer an unauthorized successive petition when the petitioner previously was denied authorization to raise identical claims in a successive petition, the Sixth Circuit has recently held that transfer is required in such circumstances. Compare Lyles v. Horton, No. 20-1562 (6th Cir. Nov. 30, 2020) (Dkt. 12) (holding that district court should have transferred Rule 60(b) motion as a second or successive petition notwithstanding the fact that Court of Appeals previously denied permission to file a successive petition raising the same grounds), with Bird v. Wyoming Dep't of Corr. State Penitentiary Warden, 693 F. App'x 762, 765 (10th Cir. 2017) (holding that the district court did not abuse its discretion when it dismissed successive habeas petition, rather than transfer the petition to court of appeals because transfer would have been futile where court of appeals had recently denied authorization for another version of the same claim); and Padilla v. Miner, 150 F. App'x 116, 117 (3d Cir. 2005) (holding that transfer of habeas petition from district court to court

of appeals, pursuant to statute permitting transfer to cure want of jurisdiction, would not be in the interest of justice where petitioner had previously been denied authorization by court of appeals to raise identical claims in a successive petition).

Accordingly, the Court grants Petitioner's motion for order transferring case (Dkt. 19), and orders the Clerk of Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and In re Sims, 111 F.3d at 47.

SO ORDERED.

Dated: March 3, 2021      s/Mark A. Goldsmith
    Detroit, Michigan     MARK A. GOLDSMITH
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 3, 2021.

    s/Karri Sandusky
    Case Manager